## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| HEISENBERG PRINCIPALS FUND IV, LLC AND KOSSOVSKY LLC, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | C.A. No. N18C-05-107 ALR |
| BELLROCK INTELLIGENCE, INC. (F/K/A BELLROCK CONTROLS, INC.), | ) ) ) ) | |
| Defendant. | ) ) | |

Submitted: July 10, 2018
Decided: July 17, 2018

***Upon Defendant's Motion to Strike Pursuant to Rule 12(f)***
**DENIED**

## ORDER

Upon consideration of the Motion to Strike Pursuant to Rule 12(f) filed by Defendant Bellrock Intelligence, Inc. ("Defendant"); the response thereto filed by Plaintiffs Heisenberg Principals Fund IV, LLC and Kossovsky, LLC (collectively, "Plaintiffs"); the facts, arguments, and authorities set forth by the parties in the papers and at oral argument; the Superior Court Civil Rules; statutory and decisional law; and the entire record in this case, the Court hereby finds as follows:

1. Plaintiffs filed a Complaint on May 10, 2018 asserting two counts of breach of contract. Plaintiffs allege that Defendant issued two promissory notes to Plaintiffs in March 2016 that matured on December 31, 2017. Plaintiffs further

allege that Defendant failed to pay Plaintiffs the amounts owed on the promissory notes upon maturation. Plaintiffs seek the principal amounts and interest owed under the promissory notes.

2. On June 22, 2018, Defendants filed a Motion to Strike Pursuant to Rule 12(f), seeking to strike paragraphs 7-11, 13, 24-30, and 36 of Plaintiffs' Complaint. Defendant argues that the challenged portions of Plaintiffs' Complaint are immaterial or impertinent because they do not directly relate to Defendant's failure to repay the promissory notes at issue.

3. Superior Court Rule of Civil Procedure 12(f) governs motions to strike. Rule 12(f) provides that "the Court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent or scandalous matter."[1]

4. The Court disfavors motions to strike.[2] In deciding on a motion to strike, the Court must determine whether the challenged allegation is relevant to an issue in the case, and if it is unduly prejudicial.[3] Motions to strike "are granted

---

[1] Super. Ct. Civ. R. 12(f).
[2] *Vannicola v. City of Newark*, 2010 WL 5825345, at *8 (Del. Super. Dec. 21, 2010) (citing *Mills v. Gosling Creek, Inc.*, 1993 WL 485901, at *2 (Del. Super. Oct. 6, 1993)).
[3] *Id.*; *see also Mills*, 1993 WL 485901, at *2; *Pack & Process, Inc. v. Celotex Corp.*, 503 A.2d 646, 661 (Del. Super. 1985).

sparingly, and then only if clearly warranted, with doubt being resolved in favor of the pleading."[4]

5. In its Answer, filed contemporaneously with its Motion to Strike, Defendant admits that it issued promissory notes to Plaintiffs, and concedes that it failed to pay the amounts owed under the promissory notes to Plaintiffs. However, Defendant argues, including in an affirmative defense, that it does not owe Plaintiffs any amounts under Plaintiffs' promissory notes because the promissory notes have been converted into preferred shares.

6. Plaintiffs argue that that the challenged portions of the Complaint relate directly to Defendant's claim that the promissory notes were converted to preferred shares. Therefore, according to Plaintiffs, the challenged portions of the complaint are relevant, and Defendant is not otherwise prejudiced by the inclusion of these allegations.

7. Defendant cannot establish that the challenged portions of Plaintiff's Complaint are immaterial or impertinent. Most of the challenged portions of the complaint relate to the business relationship between Plaintiffs and Defendant, including the alleged conversion of the promissory notes into preferred shares. Since the crux of the litigation now turns on the validity of the promissory notes' conversion, these challenged portions of the Complaint are relevant to an issue in

---

[4] *Pack & Process, Inc.*, 503 A.2d at 661.

the case.  In addition, at least one challenged paragraph, paragraph 36, directly relates to Plaintiffs' central claim that Defendant failed to pay on the promissory notes.[5]

8.     In addition, Defendant cannot establish undue prejudice.  Defendant concedes that Plaintiffs are entitled to discovery relating to the conversion of the promissory notes into preferred shares.  Therefore, Defendants are not prejudiced by the inclusion of allegations in the Complaint that generally relate to the business relationship between the two parties leading up to the alleged conversion.

9.     The challenged portions of the Complaint are not redundant, immaterial, impertinent or scandalous, and do not cause Defendants undue prejudice.

**NOW, THEREFORE, this 17th day of July, 2018, Defendant's Motion to Strike Pursuant to Rule 12(f) is hereby DENIED.**

**IT IS SO ORDERED.**

*Andrea L. Rocanelli*

_____

**The Honorable Andrea L. Rocanelli**

---

[5] Paragraph 36 of Plaintiff's Complaint states, "[Defendant's Chief Executive Officer] subsequently told Kossovsky that [Defendant] did not have any cash and not to expect a payment 'any time soon.'"